**CITY OF PHILADELPHIA, a Municipal Corporation**

**v.**

**WESTINGHOUSE ELECTRIC CORPO-
RATION et al.,**
and related cases.

Civ. A. Nos. 29810, 29817, 29920, 29925–
29931, 30015, 30017, 30018,
30020–30023.

United States District Court
E. D. Pennsylvania.

Oct. 19, 1962.

See also 205 F.Supp. 830; 210 F.Supp. 486.

**484**

Harold E. Kohn, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for plaintiff.

Henry W. Sawyer, III, Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for defendant General Elec. Co.

KIRKPATRICK, District Judge.

This matter comes before the Court on a motion by the defendant, General Electric Company, for modification of certain statements appearing in a memorandum opinion entered July 19, 1962, and for the clarification of other portions of the opinion. The only matter which requires any extended comment is a request for clarification of a statement to the effect that the defendant's claim of privilege with respect to information acquired by its general counsel in the course of his investigation of facts relating to the pending indictment of the company is without any valid basis.

The matter of privilege claimed for communications or statements obtained from various employees of another defendant (Allis-Chalmers) came up recently in the course of depositions taken before me and most of what was said there represents my present views. In the present case the claim was made in connection with a motion by the plaintiffs for penalties against the defendant for refusal to answer interrogatories. In the Allis-Chalmers case the matter came up on a motion to produce a document containing a statement made by an employee of the corporation to its lawyer.

In both cases the privilege was asserted not only on behalf of the corporation but also on behalf of the employee who was the source of the information sought by the plaintiffs. It is clear in this case (as it was in the other) that the claim of a privilege personal to the employee, claimed in his behalf, is without merit. He was definitely advised by the lawyer that, although his disclosures were "privileged," if it should turn out that they revealed a violation of written company policy directives, the lawyer would "report that fact to management." This disposes of any possible claim that the communications were confidential.

Turning to the claim asserted in behalf of the corporation, preliminarily I may say that I find myself unable to follow Judge Campbell's decision to the effect that the attorney-client privilege is not available to corporations. His opinion is supported by a good deal of history and sound logic, but the availability of the privilege to corporations has gone unchallenged so long and has been so generally accepted that I must recognize that it does exist.

Now in order that the attorney-client privilege can protect a communication made to a lawyer by any person or corporation, it is a first essential that it be made for the purpose of securing legal advice or assistance, and that means advice or assistance for the person or corporation making the communication. If the communication is made to enable the lawyer to advise someone else or if it is made by someone other than the client (the corporation) it is not privileged.

The rule, as stated by Wigmore, is in substance that where legal advice of any kind is sought, communications and so forth made in confidence by the client are privileged. 97 C.J.S. Witnesses § 276, states the rule as follows: "the privilege applies only if * * * the communication relates to a fact of which the attorney was informed by his client * * * for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding." This basic requirement, namely, that the communication must be made by the client to enable the lawyer to advise

him, appears in every statement of the rule which has come to my attention.

 Now, in cases where an employee of a corporation in an executive or managerial position communicates a fact relative to pending litigation to a lawyer retained or employed by the corporation, the question frequently arises: When he does so, is the corporation seeking the advice of the attorney? In other words, was he at the time, in contemplation of law, the corporation seeking advice? If not, then he was giving the lawyer information in order that the latter could advise a client other than himself. In such case the employee is merely a witness and I think that Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, settles the question that a statement given by a witness to a lawyer who is collecting information in order to prepare for litigation pending against the lawyer's client is not privileged although it may be within the ambit of the "work product" principle; and it is very important to keep in mind the fact that the work product principle is not and cannot properly be described as a privilege. Some Courts have confused the situation by calling it a qualified privilege, but it is not a privilege at all; it is merely a requirement that very good cause be shown if the disclosure is made in the course of a lawyer's preparation of a case.

Now how are we going to determine whether the person making the communication is the client or is a witness? Various answers to the question have been proposed.

Judge Wyzanski, in United States v. United Shoe Machinery Corporation, D.C., 89 F. Supp. 357, suggested that the privilege extends to an extremely broad class of employees, but I cannot help feeling that he is in conflict with Hickman v. Taylor, which very clearly shows the distinction between statements by employees of the client and statements by the client itself.

In arguments before me the rank in the corporation of the employee making the communication has been suggested as a guide. The trouble with that is that in corporate terminology the same title does not always mean the same thing. Manager, executive, officer— those are not clearly-defined terms.

Another approach suggested was whether the acts of the employee which he disclosed to the lawyer in his communication were acts for which the corporation would be responsible; and that, I believe, is the thought expressed by counsel for the defendant in the present case.

However, I do not think that any of these tests is entirely satisfactory and I think there is a better approach.

 Keeping in mind that the question is, Is it the corporation which is seeking the lawyer's advice when the asserted privileged communication is made?, the most satisfactory solution, I think, is that if the employee making the communication, of whatever rank he may be, is in a position to control or even to take a substantial part in a decision about any action which the corporation may take upon the advice of the attorney, or if he is an authorized member of a body or group which has that authority, then, in effect, he is (or personifies) the corporation when he makes his disclosure to the lawyer and the privilege would apply. In all other cases the employee would be merely giving information to the lawyer to enable the latter to advise those in the corporation having the authority to act or refrain from acting on the advice.

Of course, it is implicit in the foregoing that the authority of the person speaking with the lawyer to participate in contemplated decisions must be actual authority. In dealing with third persons, apparent authority is frequently involved, but not so in the matter under consideration. A corporation acts through agents, but then we must answer the further question: Agents for what purpose?

It is obvious that the matter as to which the witnesses in this case made the

disclosures was a matter of overwhelming importance to the corporation, and that even a department or division head or an employee on a similar managerial level would hardly be given any substantial role in making that decision. It was a matter which, of course, the corporation knew made it probable that very heavy claims for damages would be asserted against it and a decision of that kind could have been made only by the very highest authority.

Of course, there may be cases where an employee is actually authorized to make a decision after consultation with an attorney. An example might be the head of the Claims Department, who frequently has authority to settle damage claims without any action by the Board of Directors or the chief officers, or without their even being advised of it. In such case the communication would be privileged because the claims executive was the person who could act upon the lawyer's advice and he was the person receiving it.

In the present case, as has been noted, the lawyer advised the employee that it might be necessary to report the disclosure to the management, thus sharply differentiating the witness from "the management," meaning, of course, the corporation.

So, I hold that the communications, the sources of the facts required to answer the interrogatories, sought to be protected in the present case are not within the attorney-client privilege.

As to the motion for modification: I accept without question the facts stated in the affidavits, and, with regard to my oral interpretation of the order of February 16, there seems to have been so much misunderstanding of what was said that I think it would be best to eliminate the idea that the line drawn on the organization chart of the defendant is to be considered for any purpose whatever in the case and to withdraw the entire opinion except the following:

The defendant's answers are obviously not the full and complete answers which the spirit of the discovery rules calls for.

An order will be entered directing full and complete answers to the interrogatories referred to in the motion.