**PAPER CONVERTING MACHINE CO.,**
Inc., Plaintiff,

v.

**FMC CORPORATION, Defendant.**
No. 59–C–152.

United States District Court
E. D. Wisconsin.

Feb. 5, 1963.

Wheeler, Wheeler & Wheeler, Milwaukee, Wis., Dawson, Tilton, Fallon & Lungmus, Chicago, Ill., for plaintiff.

Andrus & Starke, Milwaukee, Wis., Lyon & Lyon, Los Angeles, Cal., for defendant.

TEHAN, Chief Judge.

In this suit charging infringement by the defendant FMC Corporation [1] of a patent for a web cutting apparatus, the plaintiff, Paper Converting Machine Co., Inc. has filed a motion to produce, portions of which the defendant has opposed claiming that the plaintiff seeks production of privileged communications between attorney and client. Pursuant to order of the court, the defendant has submitted to the court those allegedly privileged documents coming into existence prior to January 27, 1959, the date of issuance of the patent in suit, for ruling as to their privileged character.

Most of the documents involved are letters to or from Hans C. Hoffmeister, patent counsel for the defendant, who, although a member of the Bar of the State of Ohio, was not at the times relevant

---

1. FMC Corporation, formerly Food Machinery and Chemical Corporation was the parent corporation of the original defendant herein, Hudson-Sharp Machine Co. Food Machinery and Chemical Corporation was substituted as defendant herein after a merger with the original defendant.

hereto a member of the Bar of the State of California, in which latter state he was employed.

■■ As stated by J. Wyznaski in United States v. United Shoe Machinery Corporation (D. C. Massachusetts 1950) 89 F.Supp. 357 at 358–359, with respect to the attorney-client privilege:

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

We believe that the defendant may assert the privilege with respect to correspondence to or from its patent counsel despite the fact that that counsel was not admitted to the bar of the state in which he was located, providing the above quoted tests have been met, it being our opinion that Mr. Hoffmeister is entitled to the status of an attorney. We also believe that a corporation patent counsel is not excluded from the class concerning whose documents the privilege may be asserted solely by reason of the fact that he is employed in that capacity. (See Georgia-Pacific Plywood Company, United States Plywood Corporation (S.D.N.Y., 1956) 18 F.R.D. 463)

■ We have therefore examined the documents submitted in the light of the tests set forth above, considering always that the purpose of the attorney-client privilege is to encourage clients to make full disclosures to their attorneys and that the privilege is to be strictly construed, and have reached the following conclusions:

■ ITEM 1. Inter-Office Correspondence dated March 21, 1958 from an officer of the original defendant to Mr. Hoffmeister must be produced. Although the officer relayed certain factual information to Mr. Hoffmeister in this document, it does not appear that the information was given to obtain a legal opinion or advice.

■ ITEM 2. Inter-Office Correspondence dated May 5, 1958 from an officer of the original defendant to Mr. Hoffmeister. This communication is privileged, the primary purpose thereof being to seek Mr. Hoffmeister's advice concerning the plaintiff's statements to the trade that the original defendant was copying the plaintiff's machine.

■ ITEM 3. Inter-Office Correspondence dated September 29, 1958, from an employee of the defendant to Mr. Hoffmeister, seeking legal advice concerning the plaintiff's statements to the trade that it would sue for infringement, is privileged.

■ ITEMS 4, 5 and 8. Inter-Office Correspondence dated September 30, 1958, December 26, 1958, and September 25, 1958, between an officer of the original defendant and an employee of the defendant, copies of which were sent to Mr. Hoffmeister. These documents cannot be considered privileged merely because copies were furnished to an attorney, and must be produced.

■ ITEM 6. Inter-Office Correspondence dated December 29, 1958 from an employee of the defendant to Mr. Hoffmeister. Like Item 1, no confidential disclosures were made therein for the purpose of obtaining legal advice or assistance and the document must be produced.

■ ITEM 7. Letter dated December 30, 1958 from Mr. Hoffmeister to an officer of the original defendant, concerned in part with the plaintiff's statements to the trade, is privileged.

■ ITEMS 9, 10, 11 and 12. Correspondence between Mr. Hoffmeister and the U. S. Patent Office. No privilege attaches to these documents and they must be produced under the court's order of July 13, 1960.

■ ITEM 13. Letter dated December 2, 1957 from an employee of the original defendant to Mr. Hoffmeister furnishing information relative to knife cut perforation on toilet tissue and asking Mr. Hoffmeister to check on patentability of and possible infringement by a unit made by that defendant. Since Mr. Hoffmeister was not being asked to apply rules of law to facts known only to his client, but was asked in effect to make "initial office preparatory determinations of patentability," (Zenith Radio Corp. v. Radio Corp. of America (D.Del.1954, 121 F.Supp. 792, at page 794) this document is not privileged.

■ ITEMS 14, 15, 16, 17, 18, 19, 20, 21 and 22 constitute correspondence between Mr. Hoffmeister and others relative to a patent search to determine patentability of, or possible infringement by, a unit made by defendant. In Item 14, dated February 3, 1958, Mr. Hoffmeister requests Washington patent counsel to conduct such a search. In Item 15, dated March 4, 1958, Mr. Hoffmeister is asked by an officer of the original defendant to report on the status of the search. In Item 16, dated March 7, 1958, Mr. Hoffmeister requests Washington counsel to expedite the search. In Item 17, dated March 10, 1958, Mr. Hoffmeister replies to Item 15. In Item 18, dated March 27, 1958, Washington counsel reports to Mr. Hoffmeister giving his opinion on patentability and infringement based on his search. In Item 19, dated April 11, 1958, Mr. Hoffmeister forwards Item 18 to an officer of the original defendant. In Item 20, dated May 12, 1958, the officer furnishes Mr. Hoffmeister with information for proceeding with a patent application. In Item 21, dated May 16, 1958, Mr. Hoffmeister is asked to give his opinion of the patentability of plaintiff's unit and its effect on the patentability of defendant's unit.

In Item 22, dated May 23, 1958, Mr. Hoffmeister responds to Item 21. While the defendant contends that Mr. Hoffmeister and Washington counsel were acting in their capacities as lawyers in connection with these documents, we do not believe that they were receiving and applying rules of law to confidential information received from their client. Rather, we believe that their activities were of the nature described in the Zenith Radio Corp. case, supra, as non-legal. The documents must be produced.

ITEM 23. Post Script on letter of March 31, 1959. This document need not have been submitted to the court under the order of July 13, 1960.

Counsel for the plaintiff will prepare an order in accordance with this opinion and submit it to opposing counsel for approval as to form.