**DURA CORPORATION, Plaintiff,**

v.

**MILWAUKEE HYDRAULIC PROD-
UCTS, INC., and Abbott Machine
Company, Inc., Defendants.**

No. 61–C–59.

United States District Court
E. D. Wisconsin.
April 2, 1965.

Joseph P. House, Jr., of Wheeler, Wheeler & Wheeler, Milwaukee, Wis., and Mark Clayton, Chicago, Ill., for plaintiff.

James E. Nilles, Milwaukee, Wis., for defendants.

TEHAN, District Judge.

This trademark infringement action is before the court on a motion of the defendants pursuant to Rule 34 Federal Rules of Civil Procedure, to require plaintiff to produce some 25 documents in its possession. The documents sought were listed in plaintiff's answers to defendants' interrogatories and in addition to naming the addressor and addressee, included a brief statement of the nature of the contents of each document. At the time the answers to the interrogatories were served and filed, it was stipulated by the parties that the answers by plaintiff should not be deemed to constitute a waiver of any privilege which plaintiff has or had in respect to any of the letters.

Pursuant to order of the court, the plaintiff has filed with the court under seal, 24 of the disputed documents. Both parties have submitted supplemental briefs directed to the question of the necessity of the court making an "in camera" inspection of the letters in order to determine the question of privilege asserted by plaintiff.

The court has now considered the briefs of the parties, the showing made by the plaintiff as to the nature of the documents both in its answers to interrogatories and the affidavit of Mark Clayton, plaintiff's patent counsel, and being fully advised, is of the opinion that the plaintiff has, under oath, disclosed sufficient information to enable the court to make its determination without an in camera inspection. Although, in practice, it is an acceptable procedure for parties by agreement, to submit disputed documents for in camera inspection, where, as here, a party is unwilling, and has made a sufficient showing of privilege, it would be unwarranted "prying" for the court to inspect the documents.

In making our determination, we have been guided by the tests of attorney-client privilege set forth in United States v. United Shoe Machinery Corp., D.C., 89 F.Supp. 357, and Paper Converting Machine Co. v. FMC Corp., D.C., 215 F.Supp. 249. Thus the privilege applies if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court or his subordinate, (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client, (b) without the presence of strangers, (c) for the purpose of securing primarily (i) an opinion on law, or, (ii) legal services, or, (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort, and, (4) the privilege (a) has been

claimed, and (b) not waived by the client.[1]

Ten of the letters in dispute (Nos. 1, 2, 3, 6, 9, 14, 15, 18, 19 and 25) constitute correspondence between plaintiff's outside counsel, Mark H. Clayton, a practicing lawyer in Chicago, Illinois, and member of the bar of the State of Illinois and Maxwell K. Murphy, an employee of the plaintiff serving as its patent counsel. The affidavit of Mark Clayton states that the letters concern "facts and legal advice communicated in anticipation of and relative to this proceeding." The complaint herein was filed on March 8, 1961. Items 1 and 2 are dated within two weeks of the filing of the complaint, towit, February 28, 1961 and March 1, 1961 and deal with the contents of the complaint. Items Nos. 3, 6 and 9 are communications relating to infringement by the trademark "Twin-Lift" the subject matter of this litigation and are dated within seven months of the filing of the complaint. Items 14, 15, 18 and 19 are concerned with motions pending in this action and a proposed settlement thereof. Item No. 25 is an opinion in regard to defendants' interrogatories served on plaintiff. They are all dated subsequent to the filing of the complaint. These are clearly within the attorney-client privilege and need not be produced for defendants' inspection.

Seven of the letters, Nos. 4, 5, 10, 11, 16, 17 and 22, constitute correspondence between Maxwell K. Murphy, plaintiff's chief patent counsel and a member of the bar of the State of Michigan and K. W. Sword, General Manager of plaintiff's Weaver Manufacturing Co. division and according to Mr. Clayton's affidavit concern "facts, legal advice and recommendations communicated in anticipation of and in relation to this proceeding including facts and recommendations transmitted to said Maxwell K. Murphy for

communication to outside counsel, all of which correspondence has reference to the infringement of plaintiff's trademark "Twin Post" by defendant or possible settlement of this litigation.

Items 4, 5, 10 and 11 are all dated within seven months of the filing of the complaint.

Letters Nos. 16, 17 and 22 were exchanged after commencement of the suit and relate to a proposed settlement. As we stated in Paper Converting Machine Co. v. FMC Corp., 215 F.Supp. 249 at p. 251:

"We also believe that a corporation patent counsel is not excluded from the class concerning whose documents the privilege may be asserted solely by reason of the fact that he is employed in that capacity. (Citing cases)."

Since these items were confidential communications between patent counsel and the corporate client relating to this litigation, they are clearly privileged and need not be produced.

Items Nos. 12, 13, 20, 21 and 23, according to the affidavit of Mark Clayton, constitute correspondence between Mark H. Clayton, outside counsel, and Joseph P. House, Jr., associate counsel for the plaintiff in Milwaukee in anticipation of this litigation and concerning possible settlement thereof. All except Item No. 12 which is dated February 20, 1961, and was sent by Mr. Clayton to Mr. House less than a month before the commencement of this action, were exchanged after the action was commenced. Item 24 is a letter dated October 27, 1961, after the commencement of this action, written by Mark Clayton, outside counsel, and addressed to John K. Armentrout, in Washington, D. C., also acting as counsel for the plaintiff and requesting him to make

1. Both parties assert, and we agree, that the nature and extent of the attorney-client privilege is governed by the law of Wisconsin. Although in Wisconsin, the attorney-client privilege is defined by statute (§ 325.22 Wis.Stats.) the principles of law laid down by Judge Wyzanski in the United Shoe case reflect the same qualifications to the privilege as Wisconsin Statute and case law.

a trademark search and including instructions regarding the same.

These items do not technically meet the requirements of the attorney-client privilege since they are not communications between the client and his attorney but rather are communications between co-counsel handling the litigation. However, they do fall within the category of work product of an attorney as defined in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and as such cannot be ordered disclosed in the absence of a strong showing of good cause by the defendant. In Hickman v. Taylor, supra, at p. 511, 67 S.Ct. p. 393, the court said:

"Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference."

Were such material open to opposing counsel on mere demand much of what is now put down in writing would remain unwritten. An Attorney's thoughts heretofore inviolate would not be his own. In the case of the preparation of a client's case for trial by more than one attorney, who as in this case, are not even residents of the same city, the arguments against disclosure of the communications between them is even more cogent than when preparation is the task of only one attorney.

Defendants have not established nor even advanced any reason justifying such a disclosure.

Plaintiff has made no claim to privilege with regard to the remaining document filed with the court, Item No. 7.[2] Item No. 8, originally listed in answer to defendants' interrogatories, is the reply from said investigator to counsel for the

plaintiff, containing the results of his investigation. It appears from affidavits filed with this court by plaintiff that this document has been misplaced, that a diligent search has failed to locate it or a copy thereof, and that the said George A. Williams is now deceased. As a consequence, plaintiff is unable to submit it. Plaintiff asserts that the defendants have not made the required "showing of good cause" for production of Item No. 7. Since the communication falls within the category of work product of an attorney, in the absence of a showing of good cause, it need not be produced.

It is therefore ordered: The defendants' motion for an order to compel plaintiff to produce Items Nos. 1 through 7, and 9 through 25 is hereby denied.

---

2. Item No. 7 is a letter dated October 17, 1960 from Mark H. Clayton, acting as counsel for plaintiff to George A. Williams, a private investigator, prior to commencement of the suit. It requests the said George Williams to investigate defendants' use of the trademark "Twin Lift" subject matter of the instant suit.