**HOLIDAY INNS, INC., Petitioner,**

v.

**Honorable Peter T. FAY, United States District Judge for the Southern District of Florida, Respondent.**

**No. 71–2947.**

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1971.

Frank J. O'Connor, Miami, Fla., George D. Reycraft, New York City, for petitioner.

Edward L. Magill, Fowler, White, Humkey, Burnett, Hurley & Banick, Harold L. Ward, Miami, Fla., for Arthur J. Rieser, Jr.

Kelly, Black, Black & Kenny, Miami, Fla., Fiebleman, Friedman, Hyman & Britton, Miami, Fla., for Bond & Bond.

ORDER

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BY THE COURT:

Petitioner Holiday Inns, Inc. seeks a writ of mandamus directing the respondent district judge to deny a motion to produce filed by the plaintiff in the case of Arthur J. Rieser, Jr., et al, v. Holiday Inns, Inc., No. 70–1153–Civ.–PF (S.D. Fla.), insofar as some of the documents which are the subject matter of the motion to produce are said by petitioner to be subject to attorney-client privilege.

In case No. 70–1153, petitioner filed objections to the motion to produce, raising the attorney-client privilege issue, which the District Judge after hearing overruled. Petitioner then filed in this court its petition for a writ, and on October 11, 1971, this court entered an order that, pending consideration by it of the petition, the petitioner should not be required to produce documents with respect to which it claims attorney-client privilege. Briefs in support of and against the petition have been filed.

The denial by the District Judge was unequivocal and without stated reasons. He denied a petition for rehearing and, the petition alleges, declined to certify the privilege issue for appeal under 28 U.S.C. § 1292(b). See Garner v. Wolfinbarger, 430 F.2d 1093, 1096–1097 (5th Cir. 1970), discussing requirements for certification.

Once again, we are faced with a difficult issue, on an incomplete record, and "in the awkward context of mandamus." Ernst & Ernst v. United States District Court, 439 F.2d 1288, 1293 (5th Cir. 1971). We see several possible problems. There is a threshold question of choice between federal and state laws of attorney-client privilege. Garner v. Wolfinbarger, *supra,* 430 F.2d at 1097–

1100. The parties disagree as to the scope of the privilege. Some courts, for example, have held that communications are privileged only when made to a lawyer from a corporate employee who is in a position to control or take substantial part in a decision about action that the corporation may take on the attorney's advice. *See* Natta v. Hogan, 392 F.2d 686, 692 (10th Cir. 1968); Garrison v. General Motors Corp., 213 F.Supp. 515, 518 (S.D.Cal.1963); City of Philadelphia v. Westinghouse Electric Corp., 210 F.Supp. 483, 485 (E.D.Pa.1962). Other courts, finding the "control group" test too restrictive, extend the privilege to communications by an employee made at the direction of his superiors when the subject matter of the communication concerns the employee's performance of duties within the scope of his employment. *See* Harper & Row Publishers, Inc., v. Decker, 423 F.2d 487, 491–492 (7th Cir. 1970), aff'd mem. by equally divided Court, 400 U.S. 348, 91 S.Ct. 479, 27 L.Ed.2d 433 (1971). And the privilege has been found to operate without regard to the status of the employee. *See* United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 361 (D. Mass.1950).

Also Rieser urges that whatever the scope of privilege in the abstract, Holiday Inns has failed to carry its burden of establishing by competent evidence that it exists in this instance, and, alternatively, that if Holiday Inns has any privilege, it was waived by attorney-client communications that Holiday Inns produced without objection.

In addition, the briefs presented to us refer to oral argument before the District Court, but they do not show whether the District Judge has examined the allegedly privileged documents in camera, or considered that possibility.

On what is before us, we cannot ascertain on which, if any, of the above possible grounds the court based its denial of Holiday Inns' motion. The petition for writ of mandamus is denied. The temporary stay previously entered by this court is continued in effect for thirty days within which there can be further proceedings below in No. 70–1153. The petitioner may resubmit its objections to the District Judge and the parties may submit evidence thereon. The District Court should determine the governing law and enter another order setting out his conclusion and the reasons therefor. He may wish to consider whether an in camera examination is required to determine applicability of or scope of the privilege.

As to the progress of the matter from that point, either or both parties may request, and the District Court will wish to consider, whether the cause should be certified for § 1292(b) interlocutory review on the record as further developed. Our denial of mandamus at this time is without prejudice to reconsideration of the petition on the record as further developed, should it be requested after proceedings below are completed. *See* Ernst & Ernst v. United States District Court, 439 F.2d 1288, 1293 (5th Cir. 1971); Ex Parte Tokio Marine & Fire Ins. Co., 322 F.2d 113 (5th Cir. 1963).

Petition denied. Stay order continued in effect for thirty days.