**Ambrose M. HASSO et al.**
v.
**RETAIL CREDIT COMPANY.**
**Civ. A. No. 68–669.**

United States District Court,
E. D. Pennsylvania.

Feb. 14, 1973.

James Beasley, Beasley, Albert, Hewson & Casey, Philadelphia, Pa., for plaintiffs.

A. Grant Sprecher, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

EDWARD R. BECKER, District Judge.

This is an action for defamation and invasion of privacy arising from allegedly false and scurrilous information contained in a credit report made and allegedly published by defendant about plaintiffs. The actual preparer of the report was Paul Mariano (Mariano), an employee of defendant. We have before us plaintiffs' motion to compel the production of a certain memorandum prepared by Mariano on January 24, 1968. Defendant has refused to produce the memorandum, invoking the attorney-client privilege, and we must therefore determine the validity of the privilege claim.[1]

According to the affidavit filed by defendant's counsel, Mariano prepared the memorandum at the request of his branch manager, who was in turn acting at the request of defendant's house counsel in Atlanta, Georgia. House counsel's request was prompted by a letter of representation from plaintiffs' counsel threatening suit for defamation and invasion of privacy because of the contents of the credit report, about which plaintiff had learned. House counsel requested the memorandum so that he could ascertain the basis for the credit report and thereby advise the company of its position in the matter.[2] We sustain the privilege claim.

Wigmore has summarized the following essentials for exercise of the privilege:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that pur-

---

1. *See* F.R.Civ.P. 26(b)(1).

2. The foregoing facts, which are culled from the affidavit filed by plaintiffs' counsel and depositions of record, are uncontroverted.

pose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. 8 J. Wigmore, Evidence § 2292 (McNaughton rev. 1961). Wigmore's formulation has been generally accepted and is in accord with the law of Pennsylvania. *See* Pa.Stat.Ann. tit. 28, § 321.[3]

Rule 503(b) of the Federal Rules of Evidence recently approved by the Supreme Court, effective July 1, 1973, provides as follows:

> (b) General Rule of Privilege.—A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and the lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

■■ The principles governing the issue before us are the same under the new rules as the old rules. And, under these principles, since Mariano's memorandum was submitted in confidence by a representative of the client to counsel acting in a legal capacity for the purpose of facilitating the rendition of legal services to the client, the memorandum is protected by the attorney-client privilege. We note in this regard that house counsel does not stand in any different shoes than private counsel. *See* Paper Converting Mach. Co. v. FMC Corp., 215 F.Supp. 249 (S.D.Wis.1963); Georgia-Pacific Plywood Co. v. United States Ply-

wood Corp., 18 F.R.D. 463 (S.D.N.Y. 1956), and United States v. United Shoe Mach. Corp., 89 F.Supp. 357, 360 (D. Mass.1950), where Judge Wyzanski observed:

> [T]he apparent factual differences between these house counsel and outside counsel are that the former are paid annual salaries, occupy offices in the corporation's buildings, and are employees rather than independent contractors. These are not sufficient differences to distinguish the two types of counsel for purposes of the attorney-client privilege. And this is apparent when attention is paid to the realities of modern corporate law practice. The type of service performed by house counsel is substantially like that performed by many members of the large urban law firms. The distinction is chiefly that the house counsel gives advice to one regular client, the outside counsel to several regular clients.
>
> It follows that United's general counsel and his clerks constitute[,] for purposes of the privilege[,] attorneys. . . .

Plaintiff's counsel has argued that the privilege is inapplicable because house counsel was acting as an investigator, as was the case in Metalsalts Corp. v. Weiss, 76 N.J.Super. 291, 184 A.2d 435 (1962). We disagree. In *Metalsalts*, the company directed one of its shareholders, who was a member of the law firm acting as general counsel to the company, to investigate the conduct of a discharged corporate officer to see if there was merit to his claim that he had been discharged unjustly. The investigator's principal duty was to marshal facts, not to give legal advice. In a similar position was the insurance company's attorney in Merrin Jewelry Co. v. St. Paul Fire & Marine Ins. Co., 49 F.R.D. 54 (S.D.N.Y.1970), where Judge Frankel

---

3. F.R.Civ.P. 43(a) provides for application of the forum state's rule of evidence inso-   far as it favors admissibility more than do federal evidentiary principles.

held that privilege failed to protect the investigative portions of his report but did extend to those portions containing the investigator's advice as counsel. In both *Metalsalts* and *Merrin,* the investigation could have been carried on by a non-lawyer and did not constitute legal services. In the instant case, however, counsel was acting totally in a legal capacity, in that he requested the preparation of the Mariano memorandum so that he could give a legal evaluation of the plaintiffs' claim. The confidential communication from the client to the lawyer to facilitate such an evaluation is protected by the privilege in such a situation. The memorandum in question was an integral part of the legal evaluation process, placing counsel in a role which comports with exercise of the privilege as classically defined.

■ Insofar as Mariano's status in the corporation may be deemed to affect the privilege, we feel that the proper rule is that announced in Harper & Row Publishers, Inc. v. Decker, 423 F.2d 487, 491–492 (7th Cir. 1970):

> We conclude that an employee of a corporation, though not a member of its control group, is sufficiently identified with the corporation so that his communication to the corporation's attorney is privileged where the employee makes the communication at the direction of his superiors in the corporation and where the subject matter upon which the attorney's advice is sought by the corporation and dealt with in the communication is the performance by the employee of the duties of his employment.

That is precisely the situation here.[4]

Although it does not form a basis of our decision, we note in passing that plaintiffs are not prejudiced by our decision and have not suffered from a dearth of discovery. *Inter alia,* they have taken a four-and-one-half hour deposition of Mariano, exploring in depth the basis for his report. Moreover, following an *in camera* inspection of the Mariano memorandum, we ordered defendant's counsel to disclose to plaintiffs' counsel the names of all individuals mentioned in the memorandum as having given information forming a basis for the report.

In accordance with the foregoing Memorandum, we enter the following Order.

## ORDER

And now, this 14th day of February 1973, it is ordered that plaintiffs' motion for production of the memorandum prepared by Paul Mariano on January 24, 1968, is denied on the ground that the memorandum is protected by the attorney-client privilege.

4. The Federal Rules of Evidence as proposed, see proposed rule 503.(a)(3) and Advisory Committee's Note, 51 F.R.D. at 361, 363, adopted Judge Kirkpatrick's "control group" theory alluded to in the passage quoted in the text. (*See* City of Philadelphia v. Westinghouse Elec. Corp., 210 F.Supp. 483 (E.D.Pa.1962).) That test protects corporate communications with attorneys only when made by high corporate officials and would have required us to deny the claim of privilege here. But the Rules were changed so that in final form they leave open the definition of "representative of the client," noting that many courts have preferred broader formulations. We believe the broader formulation is more consistent with the policy underlying the attorney-client privilege.