**In re Kenneth FUJIYAMA, Debtor.**

**Bankruptcy No. 86–00245.**

United States Bankruptcy Court,
D. Hawaii.

Feb. 19, 1988.

James Wagner, Honolulu, Hawaii, for plaintiff.

John Chanin, Honolulu, Hawaii, for respondent.

## ORDER RE: ORDER TO SHOW CAUSE WHY CITY BANK SHOULD NOT BE HELD IN CONTEMPT AND SUBJECT TO SANCTIONS

JON J. CHINEN, Bankruptcy Judge.

On or about September 29, 1987, the Trustee served a subpoena to witness on the Custodian of Records for City Bank. Said subpoena incorporated a description of documents contained in an Order Compelling Attendance and Production of Documents dated September 29, 1987. The documents requested to be produced were described as follows:

Any and all documents and things evidencing, describing, or relating to the loan or money, credit, or extension, renewal, or refinancing of credit from City Bank to Fujiyama Development or Kenneth Fujiyama, including but not limited to, documents and things evidencing, describing or relating to the mortgage, security agreement and financing statement between City Bank and Fujiyama Development Corporation, dated September 28, 1983.

In response to said subpoena, one of City Bank's attorney contacted the attorney for the Trustee and informed him that the subpoena was overbroad and burdensome. The attorney for the Trustee then stated, "do the best you can". In response thereto, the attorneys for City Bank reviewed a voluminous amount of documents in response to the subpoena and allowed the attorney for the Trustee various opportunities to review the documents. In declining to produce all of the production requested, the attorneys for City Bank claimed as privileged the communications between City Bank and its participants on the theory that the participants are principals to the loans and therefore are unnamed parties to the purported claim of the Debtor.

On October 29, 1987, pursuant to an exparte request for an order to show cause filed by the Trustee, an Order to Show Cause was issued to City Bank to show cause why it should not be sanctioned for failure to comply with the subpoena.

The Trustee contends that City Bank failed to turn over all of the documents in its possession. City Bank, on the other hand, contends that a substantial number of the documents are protected by the attorney-client privilege, and others are protected from disclosure pursuant to 12 U.S.C. § 3401, *et. seq.*, which prohibits the release of personal financial information of an individual without his consent.

A hearing was held on November 9, 1987, at which time this court ordered City Bank to provide a list of documents withheld, a summary of the contents of the documents, a listing of the recipients and senders, and the duties of each. Pursuant

to that oral order, City Bank filed a 26 page disclosure on November 18, 1987.

Subsequent to the November 9 hearing, City Bank did turn over a substantial number of documents that had been previously withheld. The Trustee contends that these items are not covered by any privilege, and has again requested sanctions be imposed for City Bank's failure to turnover the documents earlier.

The Court, being advised in the premises, and having reviewed the memoranda and other documents filed, and having considered the arguments of counsel, now renders this ruling.

Federal Rule of Evidence (Rule 501) provides in part that "... the privilege of a witness ... shall be governed by the principles of the common law...". The attorney-client privilege is one of the oldest known privileges in the common law. Its purpose is to encourage full and frank communication between the client and his attorney and thereby promote the broader public interest in te observance of law and the administration of justice. *Trammel v. U.S.*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980).

■ The privilege can be invoked even when the client is a corporation. *U.S. v. Louisville & Nashville Railroad*, 236 U.S. 318, 35 S.Ct. 363, 59 L.Ed. 598 (1915). However, the question as to who personifies the corporation is one that has caused federal courts great difficulties. Compare *City of Philadelphia v. Westinghouse Electric Corp.*, 210 F.Supp. 483 (E.D.Pa. 1962) with *Harper and Row Publishers, Inc. v. Decker*, 423 F.2d 487 (7th Cir.1970).

■ In the case of an individual, the provider of the information and the client are one and the same. In the case of a corporation, however, it frequently involves employees beyond those in control of the corporation. As noted in *Upjohn Co. v. U.S.*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed. 2d 584 (1981), even

> middle-level and indeed lower-level employees can, by actions within the scope of their employment, embroil the corporation in serious legal difficulties, and it

is only natural that these employees would have the relevant information needed by corporate counsel if he is adequately to advise the client with respect to such actual or potential difficulties.

This fact was noted in *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596 (8th Cir.1978) sitting *en banc:*

> "In a corporation, it may be neccessary to glean information relevant to a legal problem from middle management or non-management personnel as well as from top executives. The attorney dealing with a complex legal problem 'is thus faced with a "Hobson's choice". If he interviews employees not having "the very highest authority", their communication to him will not be privileged. If, on the other hand, he interviews only those employees with the "highest authority", he may find it extremely difficult, if not impossible, to determine what happened.' (citations omitted)

In *Upjohn*, in rejecting the control test that the trial court had used, the Supreme Court specifically noted:

> The Court of Appeals declined to extend the attorney-client privilege beyond the limits of the control group test for fear that doing so would entail severe burdens on discovery and create a broad "zone of silence" over corporate affairs. Application of the attorney-client privilege to communications as those involved here, however, puts the adversary in no worse position than if the communications had never taken place. The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney....

As in the *Upjohn* case, the Trustee is able to depose those who may have relevant knowledge of the underlying facts. Although it may certainly be easier to determine the facts without the need for deposing individuals, such considerations of convenience do not overcome the policies served by the attorney-client privilege. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ Further, the attorney-client privilege extends to the work-product of the attorney. As stated in *Hickman v. Taylor*, "it is essential that a lawyer work with a certain degree of privacy" and that, if discovery of the work product was permitted, "much of what is now put down in writing would remain unwritten". See also *U.S. v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

A more difficult issue to determine is the communications between the client and another representative of the client. Proposed Federal Rule of Evidence 503 (which was rejected) would have expanded the scope of the attorney-client privilege to conversations between the client and/or its representative.

Federal courts have been reluctant to follow the proposed expansion of the rule, although several states, including Hawaii, have in fact done so. Compare *Federal Trade Commission v. TRW, Inc.*, 628 F.2d 207 (D.C.Cir.1980) with Hawaii Rule of Evidence 503.

However, federal courts have allowed the privilege to be claimed when corporate officials discuss the lawyer's advice among themselves, on the theory that requiring disclosure of such communications would result in the disclosure of confidential communication. See e.g. *Barr Marine Products Co., Inc. v. Borg–Warner Corp.*, 84 F.R.D. 631 (E.D.Pa.1979); *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508 (D.Conn.1976).

Upon a review of the disclosure filed by City Bank, the Court concludes that a substantial number of the documents are covered by the attorney-client privilege pursuant to the *Upjohn* case. The court thus declines to order their disclosure.

■ The Trustee has also requested that sanctions be imposed for the late production of documents by City Bank after this court's oral ruling of November 9. The imposition of sanctions, if any, is left to the discretion of the trial court. See e.g. *Craig v. Far West Engineering Co.*, 265 F.2d 251 (9th Cir.1959).

■ The trial court is required to "make such orders in regard to the failure as are just". See *e.g. Cage v. New York Centennial Railroad*, 276 F.Supp. 778 (D.C.Pa. 1967). Indeed, sanctions should be reserved for flagrant cases. *Independant Productions Corp. v. Loew's, Inc.*, 283 F.2d 730 (2d Cir.1960).

■ Rule 37 sanctions are permissive and not mandatory. See e.g. *Craig v. Far West Engineering Co.*, 265 F.2d 251 (9th. Cir.1959).

■ The court concludes that, even assuming that the documents City Bank subsequently produced after the hearing on November 9 were improperly withheld, no sanctions should be imposed against City Bank in this case. First, there was an extremely short period of time in which to produce the documents. The subpoena was issued on Sept. 29, 1987, and the first documents produced thereto was on October 8, 1987.

Second, this is an extremely complex litigation. The documents produced after the November 9 hearing alone fill 10 separate file folders, according to the Trustee.

Finally, it appears that the attorneys for City Bank have been attempting to meet the Trustee's demand for documents. When the subpoena was first issued, one of the attorneys for City Bank spoke to the Trustee's attorney regarding the broad range of documents subpoenaed, and was told in reply "to do the best you can" in producing the documents. Further, the grounds on which City bank declined to produce the documents withheld are not frivolous.

Based on the above,

IT IS HEREBY ORDERED that City Bank shall produce to the Trustee all requested documents, except those between an attorney for City Bank or the other participating lenders and a representative of City Bank or any of the other participating lenders, which were for the purpose of securing a legal opinion, legal services, or assistance in some legal proceeding, or any communication between a representative of City Bank and another representative of City Bank, or any of the related financing entities, discussing the advice of counsel.

IT IS FURTHER ORDERED that City Bank shall produce to the Trustee a list of all documents not disclosed, a list of the parties involved, and a brief description of the content of the communication. Should Trustee object to the withholding of any document, the Trustee shall state the document and the reason why he believes it is not privileged. The court shall then hold a further hearing on the matter.

IT IS FURTHER ORDERED that the request for sanctions is denied.