**AMERICAN STANDARD INC., Plaintiff,**

**v.**

**The BENDIX CORPORATION, Defendant.**

**Civ. A. No. 73–CV–670–W–B.**

United States District Court, W. D. Missouri, W. D.

Dec. 14, 1978.

¶¶ 13 and 23, in which plaintiff's counsel asserted the same position.

Randall C. Allen and Henry M. Moore, Lewis, Mitchell & Moore, Washington, D. C., John C. Noonan, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for plaintiff.

Erwin N. Griswold and Eldon H. Crowell, Jones, Day, Reavis & Pogue, Washington, D. C., Jerome T. Wolf, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

ORDERS DENYING IN PART AND GRANTING IN PART "PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS TO CERTAIN QUESTIONS PROPOUNDED BY DEFENDANT IN CONNECTION WITH DEPOSITION UPON WRITTEN QUESTIONS TO PLAINTIFF'S PRINCIPAL TRIAL ATTORNEY"

WILLIAM H. BECKER, Senior District Judge.

Counts II and III [1] of the complaint of the plaintiff American Standard Inc. (ASI) filed in December 1973, based on alleged fraud, allege that the defendant The Bendix Corporation (Bendix) misrepresented the "design status and productibility" of the APX–72 transponder during precontractual negotiations with Wilcox Electric Company (Wilcox) through which plaintiff asserts its claims for relief. Defendant Bendix contends that the fraud claims are barred by the applicable statute of limitations, even if the Missouri five year statute of limitations is the applicable statute. (Bendix contends that the one year Virginia statute of limitations is applicable.)

To avoid the bar of the Missouri five year statute of limitations, plaintiff ASI has asserted that it did not discover the allegedly fraudulent misrepresentations until 1973. In answering the interrogatories of Bendix, plaintiff ASI identified its attorney Henry M. Moore, Esquire, and his associate attorney as the persons who made the alleged discoveries in 1973 on behalf of plaintiff ASI.

To reveal any problems of privilege or other immunity to discovery that would arise if the deposition of Mr. Moore were taken on oral questions, defendant Bendix was ordered to take the deposition of Mr. Moore initially on written questions. Pursuant to that order of court, defendant Bendix served notice of the taking of the deposition of Mr. Moore on 124 written questions attached to the notice in the manner prescribed by Rule 31 F.R.Civ.P.

The plaintiff ASI then filed "Plaintiff's Motion For Protective Order As To Certain Questions Propounded By Defendant In Connection With Deposition Upon Written Questions To Plaintiff's Principal Trial Attorney," objecting to each of the 124 questions, except questions 1, 2, 3, 4, 57 and 58. The objections are described by plaintiff as follows:

   I.  "Opinion work product," including the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys and consultants concerning this litigation;

  II.  "Attorney-client privilege";

 III.  "Not relevant" to the subject matter involved in the pending action;

 IV.  "Otherwise available" from alternative sources, rather than Plaintiff's attorney;

  V.  "Oppressive" [2] since information is or will be fully set forth in Plaintiff's pretrial briefs; and,

 VI.  "Legal conclusion."

*Opinion Work Product Objection*

The "opinion work product" objection is reiterated to each question to which objection is made except questions 46, 47, 48, 49, 50, 51, 52, 53, 54, 61, 62, 63, 64, 70, 73, 76, 77, 78, 79, 83, 90, 94, 114, 117 and 120.

In respect to defendant's right to discover the evidence, on which plaintiff seeks to avoid the bar of the applicable statute of limitations, plaintiff states the following:

"Plaintiff recognizes that Defendant is entitled to, and has not yet received, certain information concerning Plaintiff's discovery of Defendant's fraud and antitrust violations. But the wide ranging nature of these questions borders on harassment, since there is simply no justification for seeking this information from Mr. Moore now. Much of the information sought with respect to Defendant's

---

1. Count I is based on the antitrust laws of the United States. An issue of fraudulent concealment tolling the running of the federal statute of limitations may arise.

2. Construed as excessively burdensome.

discovery of the facts alleged in its Complaint will shortly be set forth in detail in Plaintiff's Reply Pretrial Brief. Other information should have been sought from Plaintiff, since it is Plaintiff's knowledge that is critical to questions relating to the discovery of fraud and antitrust violations. Any possible deposition of Mr. Moore should be deferred until the pretrial briefing process is complete. If at that stage information is still lacking, then proper questions, which do not invade Mr. Moore's opinion work product, should be framed for a deposition." [Footnote omitted.]

■ Generally speaking, the work product doctrine is not a basis for an absolute immunity to discovery. This clearly appears from the controlling case *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In the recent case *In re Murphy* (C.A. 8 1977) 560 F.2d 326, l.c. 336, the Eighth Circuit Court of Appeals recognized that there might be rare situations in which "weighty considerations of public policy and a proper administration of justice would militate against the non-discovery of an attorney's mental impressions." Concerning ordinary work product, other than an attorney's mental impressions, it is clear that, on a showing of sufficient cause, discovery is appropriate.

■ In this case one of the "rare situations" anticipated by the Eighth Circuit Court of Appeals is apparent. Plaintiff contends that the defendant committed fraud upon Wilcox by making misrepresentations to Wilcox concerning the "design status and productibility" of the APX–72. To avoid the bar of the applicable statute of limitations, plaintiff formally contends that it did not discover the fraud until 1973 when it was discovered by its attorney Mr. Moore and his associate. Mr. Moore then becomes one of the most important trial witnesses in the case, subject to direct and cross-examination on the details of what information he had prior to 1973 and in 1973, and concerning the nature and timing of his conclusion (mental impression) that fraud had occurred and in what particulars

it had occurred. Since fraud is a legal concept involving a mixed question of law and fact, the discovery cannot be limited to purely factual information. By contending that fraud occurred before 1973, and was not discovered until 1973 by its counsel, plaintiff has made it appropriate that the deposition of Mr. Moore be taken by the defendant. So the general objection of work product, including the relevant mental impressions of plaintiff's attorney and other relevant work product should be overruled and the motion for a protective order in this area be denied.

While ordinarily trial preparation materials enjoy a qualified immunity to discovery under subparagraphs (3) and (4) of Rule 26(b) F.R.Civ.P., the relevant testimony of Mr. Moore is necessary because the record clearly shows that Mr. Moore is an expert and it is impracticable for the defendant Bendix to discover facts or opinions on his personal discovery of the alleged fraud by any other means, in the exceptional circumstances of this case. Rule 26(b)(4). Further, for the same reason, the defendant Bendix has substantial need of the relevant materials generated in preparation of this case and is unable, with or without undue hardship, to obtain the substantial equivalent of the materials by any other means. Rule 26(b)(3).

*Attorney-Client Privilege Objection*

■ The attorney-client privilege protects only confidential communications by the client to the attorney, not factual information discovered by the attorney. 4 *Moore's Federal Practice* ¶ 26.60[2], page 26–229. The fact alone that a party has communicated information to its attorney does not prevent discovery of the factual information. 4 *Moore's Federal Practice* ¶ 26.60[2], pages 26–233–234. The confidential legal advice and opinions given to a client by his attorney are privileged. 4 *Moore's Federal Practice* ¶ 26.60[2], page 26–234.

■ The client however may waive the privilege. 4 *Moore's Federal Practice* ¶ 26.-60[2], pages 26–229–232. By voluntarily in-

jecting into a litigated case, a material issue which requires ultimate disclosure by the attorney of the information, ordinarily protected by the privilege, the client makes the information discoverable. By disclosing the confidential information in discovery proceedings as an affirmative contention the client has waived the privilege. *International Telephone and Telegraph Corporation v. United Telephone Company of Florida* (M.D.Fla.1973) 60 F.R.D. 177, and authorities therein cited.

There does not appear to be a great deal of information, ordinarily protected by the attorney-client privilege, sought in the deposition of Mr. Moore, but, to the extent that it is ordinarily within the protection of the attorney-client privilege, the privilege has been waived with regard to the relevant information.

### The Remaining Objections

Objections III, IV, V and VI quoted above do not involve any privilege or work product questions. Each of them has been considered in the following rulings on objections.

### The Code of Professional Responsibility

■ Plaintiff has invited attention to the Code of Professional Responsibility which discourages a trial lawyer from testifying on a contested fact issue. The Code of Professional Responsibility cannot be invoked to prevent testimony by trial counsel when the testimony is the prime evidence on a critical issue. The ethical question can be met by other means.

### Rulings on Objections

In ruling on the motion of plaintiff ASI for a protective order potential objections, some of which are argued in plaintiff's brief, as well as the literal objections have been considered.

*Objections Sustained* : To Questions Numbered: 9 too indefinite in using term "contractual correspondence"; 11 too indefinite; 19 too burdensome; 20(a) and (b) too burdensome; 20(c) improper form requiring certainty; 21(c) improper form requiring certainty; 22(c) improper form requiring certainty; 23(c) improper form requiring certainty; 24(c) improper form requiring certainty; 25(c) improper form requiring certainty; 26(c) improper form requiring certainty; 27 seeks improper conclusions; 30, 31 and 32 too burdensome; 33 seeks improper conclusions; 34 too burdensome; 37, 38 and 39 too burdensome; 40 seeks improper conclusions; 43, 44 and 45 too burdensome; 48, 49 and 50 too burdensome and seek improper conclusions; 55 and 56 contain indefinite term "contractual correspondence"; 60 too burdensome; 61 and 62 seek improper conclusion; 63 and 64 improper in form in referring to objectionable question No. 60; 70 too burdensome; 73 and 76 too burdensome and seek improper conclusion; 77, 78 and 79 irrelevant and too indefinite in using term "first hand knowledge"; 82 improper in form because of indefiniteness and improper assumption; 83, 90 and 92 too burdensome; 93 seeks improper conclusion; 94 too burdensome; 102, 110 and 113 too burdensome; 116, 119 and 124 too burdensome.

*Objections Overruled* : To all questions except those listed above to which an objection is sustained.

Where the question requires identification of numerous documents the identification may be made by clearly defined categories.

For the foregoing reasons, it is hereby

ORDERED that the motion of plaintiff ASI be, and it is hereby, sustained in part in regard to the questions to which an objection has been sustained. It is further

ORDERED that the motion of plaintiff ASI be, and it is hereby, denied in regard to the remaining questions.