**Winnie C. BYERS, Plaintiff,**

v.

**William A. BURLESON, Defendant.**

**Civ. A. No. 81–2715.**

United States District Court, District of Columbia.

Dec. 22, 1983.

Charles C. Parsons, Washington, D.C., for plaintiff.

David B. Wilkins, David N. Webster, Washington, D.C., for defendant.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge:

In May 1978, the plaintiff Winnie Byers sued Dr. Bahman Teimourian and Greater Southeast Community Hospital in the Superior Court of the District of Columbia (No.

78–5139), alleging medical malpractice. When that litigation began, the plaintiff was represented by attorney William Burleson. Later attorney Charles Parsons entered an appearance and represented her interests. Summary judgment was entered in favor of the two defendants and the case was dismissed in July 1980.

In November 1979, the plaintiff filed a legal malpractice action against her former attorney Burleson in the Superior Court of the District of Columbia (No. 79–14408). In that Superior Court proceeding, she was represented by Mr. Parsons, her attorney in the present proceeding before this Court. On November 9, 1981, the Superior Court action was dismissed.

Thereafter, on November 10, 1981, plaintiff filed the present complaint charging Burleson with legal malpractice. On August 20, 1982, this Court awarded Burleson summary judgment and dismissed the complaint on the grounds that it was barred by the three-year statute of limitations. See *Byers v. Burleson*, No. 81–2715 (D.D.C. 1982). On August 5, 1983, that ruling was later reversed and remanded. *Byers v. Burleson*, 713 F.2d 856 (D.C.Cir.1983).

On remand, the defendant Burleson sought discovery. This matter is now before the Court on his motion for an order requiring plaintiff's attorney, Charles Parsons, to attend a deposition and produce various records called for in the deposition subpoena. The subpoena seeks all documents relating to this matter and the two earlier Superior Court proceedings. Attorney Parsons has refused to attend the deposition and produce any records. He alleges that the defendant seeks material which is subject to the attorney-client privilege and the attorney work-product doctrine.

Parsons' refusal to attend the deposition and produce the requested documents is an absolute refusal to provide this Court with the information necessary to conduct the inquiry mandated by our Circuit Court in *Byers v. Burleson, supra*. There, the court held that "summary judgment was inappropriate . . . because a genuine issue of material fact exists as to the ultimate issue of when Byers discovered or should have discovered Burleson's alleged malpractice." 713 F.2d at 861. That court repeatedly emphasized that any knowledge possessed by attorney Parsons should be constructively attributed to the plaintiff, and was therefore relevant to the resolution of the statute of limitations issue. *Id.* at 861–862. Thus, if either Byers or her attorney possessed such knowledge prior to November 10, 1978, three years before Byers filed the present suit, her claim would be barred by the statute of limitations. This Court was instructed on remand to hold a hearing to determine when the plaintiff should have discovered that she had a claim for legal malpractice. The court did not make reference to either the attorney-client privilege or the work-product doctrine.

■ While much of the information defendant seeks might possibly present problems in view of the attorney-client privilege and the work-product doctrine, certain potential deposition topics clearly fall outside the scope of either doctrine. For instance, any communication between Mr. Parsons and a third party concerning the facts of his client's lawsuits are not within the privilege. *See Dura Corp. v. Milwaukee Hydraulic Products, Inc.*, 37 F.R.D. 470, 473 (E.D.Wis.1965). Similarly, while communications between an attorney and his client are protected by the attorney-client privilege, the facts underlying those communications are not protected. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S.Ct. 677, 685, 66 L.Ed.2d 584 (1981).[1] In addition, plaintiff seeks information from the files of the two Superior Court cases which

---

1. While a client may not ordinarily be asked about the nature of his communication with his attorney, he "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Upjohn*, 449 U.S. at 395–96, 101 S.Ct. at 685–686

are no longer in litigation.[2]  It is an open question whether the work-product doctrine includes such cases.  *See Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 865 (D.C.Cir.1980).

Despite the obvious permissibility of several lines of inquiry, Mr. Parsons has flatly refused to attend the scheduled deposition.[3]  .Rather than attending the deposition, plaintiff's counsel has filed an opposition to defendant's motion for an order requiring him to appear for the deposition.  However, this assertion of a blanket claim of privilege is unwarranted.  A party who asserts a privilege in response to a notice of deposition should attend the deposition and submit to the court for resolution any matters which allegedly violate the privilege.  4 J. Moore, *Moore's Federal Practice* ¶ 26.-60[2] (2d ed. 1983); *Young v. Motion Picture Association of America,* 28 F.R.D. 2, 5 (D.D.C.1961) (First and Fifth Amendment privileges).  *See also In Re Shopping Carts Antitrust Litigation,* 95 F.R.D. 299, 305 (S.D.N.Y.1982) (attorney-client privilege).

More importantly, the plaintiff's argument that the attorney-client privilege and the work-product doctrine preclude defendant's request fails on its merits.  The work-product doctrine applies only to materials which are "prepared in anticipation of litigation or for trial."  Fed.R.Civ.P. 26(b)(3).  *See Coastal States Gas Corp.,* 617 F.2d at 865.  The party seeking discovery must also demonstrate that he has "substantial need of the materials [and] is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  Fed.R.Civ.P. 26(b)(3).[4]  In

this case, the question of whether the materials were prepared in anticipation of litigation is especially critical.  If the materials were prepared in anticipation of litigation, this fact would be relevant to a determination of the ultimate issue on remand, namely whether plaintiff anticipated litigating a legal malpractice claim prior to November 10, 1978.  Thus, this case may present the unusual situation where a showing that the material sought was prepared in anticipation of litigation would also illustrate the substantial need for that information by the opposing party.

Moreover, the Circuit Court opinion mandates precisely the inquiry which plaintiff seeks to avoid.  Plaintiff's argument that the statute of limitations issue can be resolved without an inquiry into the subjective knowledge of the plaintiff and her attorney is flatly contradicted by the language which indicates that both subjective and objective knowledge are pertinent.  *Byers v. Burleson,* 713 F.2d at 861–862.  The type of work-product which reveals the mental impressions or legal theories of an attorney is referred to as opinion work-product.  *In Re Grand Jury Investigation,* 599 F.2d 1224, 1231 (3rd Cir.1979).  These materials are entitled to special protection and require a stronger showing of necessity to justify release, Fed.R.Civ.P. 26(b)(3); .*Upjohn,* 449 U.S. at 400, 101 S.Ct. at 688, although the precise contours of this showing have not been resolved.  *See Upjohn,* 449 U.S. at 401, 101 S.Ct. at 688.  *Compare In Re Grand Jury Proceedings,* 473 F.2d 840, 848 (8th Cir.1973) *with In Re Grand Jury Investigation,* 599 F.2d at 1231.  In

(*quoting Philadelphia v. Westinghouse Electric Corp.,* 205 F.Supp. 830, 831 (E.D.Pa.1962)).

2.  *Byers v. Burleson, supra,* No. 79–14408 (Super.Ct.D.C., dismissed Nov. 9, 1981) and *Byers v. Teimourian, supra,* No. 78–5139. (Super.Ct. D.C. dismissed July 17, 1980).

3.  See letter of Charles C. Parsons (dated Sept. 26, 1983), attached as Exhibit B to defendant's Motion for an Order Requiring Deponent to Appear for a Deposition, filed October 25, 1983.

4.  Plaintiff apparently challenges both the documents sought by the deposition subpoena and the deposition itself.  Federal Rule of Civil Pro-

cedure 26(b)(3) only applies to the discovery of "documents and other tangible things," and is not implicated by a challenge to a deposition. 4 J. Moore, *supra* at ¶ 26.64[4].  Instead, the rule set forth in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) applies to work product in the context of deposition questions.  4 J. Moore, *supra* at ¶ 26.64[4]; *Truck Ins. Exch. v. St. Paul Fire & Marine Ins. Co.,* 66 F.R.D. 129, 136 (E.D.Pa.1975).  In any event, the *Hickman* rule has been substantially incorporated in Fed.R.Civ.P. 26(b)(3).

this case, the defendants have met any conceivable articulation of this burden by establishing an overwhelming necessity for the materials, as well as the unavailability of this information in any other form.

 The plaintiff invokes the attorney-client privilege as the second ground justifying Mr. Parsons' refusal to attend the deposition or produce the requested documents. She does not enumerate the requested documents which are allegedly protected by the privilege. The privilege protects communications between a client and his attorney and is based on the desirability of encouraging these confidential communications. *Coastal States Gas Corp.,* 617 F.2d at 862; 4 J. Moore, *supra* at ¶ 26.60[2]. The privilege does not apply where the purpose of the privilege is not implicated. *Coastal States Gas Corp.,* 617 F.2d at 863. This appears to be such a case. The purpose of protecting confidential communications may not apply here because the plaintiff has invited the inquiry which the privilege is designed to protect.

This Court, however, determines that the privilege does not apply in this case for a related, but slightly different reason. Here, the plaintiff has waived the privilege because the information which the defendant seeks is necessary to resolve the precise statute of limitations issue which the plaintiff has interjected into the case. 4 J. Moore, *supra* at ¶ 26.60[6]; *Black Panther Party v. Smith,* 661 F.2d 1243, 1266–69 (D.C.Cir.1981) (remanded for purpose of balancing defendants' need for disclosure against plaintiffs' claim of First and Fifth Amendment privileges), *vacated on other grounds,* 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982); *Awtry v. United States,* 27 F.R.D. 399, 402–03 (S.D.N.Y.1961) (physician-patient privilege). *See Southeastern Pennsylvania Transportation Authority v. Transit Casualty Co.,* 55 F.R.D. 553, 556 (E.D.Pa.1972) (waiver of attorney-client privilege).

The genesis of this doctrine is grounded in fairness to the opposing party, 4 J. Moore, *supra* at ¶ 26.60[6], a concern which is implicated in this case. If the plaintiff is permitted to argue that her case was timely filed under the appropriate statute of limitations, the defendant should be able to respond with facts which answer that precise issue. Absent such an inquiry, the court would be unable to "determine when [the plaintiff] had sufficient facts to show that [the defendant] was negligent in failing to sue the proper parties." *Byers v. Burleson,* 713 F.2d at 863.

Accordingly, the plaintiff and her attorney are ORDERED to comply fully with the defendant's present discovery request within 20 days from the date of this Order. Furthermore, all discovery shall be completed by March 1, 1984.