Roger L. COMEAU, et al., Plaintiffs,

v.

Terry RUPP, et al., Defendants.

Civ. A. No. 86–1531–B.

United States District Court, D. Kansas.

July 13, 1992.

See also 762 F.Supp. 1434.

A.J. Schwartz, Ken M. Peterson, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., Theresa L.F. Levings, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for plaintiffs.

Robert F. Lytle, Patrick D. Gaston, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., Ron C. Campbell, John T. Conlee, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., Theodore A. Livingston, Jr., Mayer, Brown & Platt, Chicago, Ill., for defendants.

MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on review of a magistrate's order. (Doc. 839). The court has previously set forth the essential facts of this dispute. 762 F.Supp. 1434, 1437–38 (per Theis, J.).

The court reviews a magistrate's order under the terms of 28 U.S.C. § 636 and Fed.R.Civ.P. 72(a). As to nondispositive pretrial matters, the district court reviews the magistrate's order under a "clearly erroneous or contrary to law" standard of review. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461–62 (10th Cir.1988). Under this standard, the court must affirm the decision of the magistrate unless "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this

discretion is abused. *Comeau v. Rupp,* 762 F.Supp. 1434, 1450 (D.Kan.1991); *Detection Systems, Inc. v. Pittway Corp.,* 96 F.R.D. 152, 154 (W.D.N.Y.1982). *See also Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990).

Defendants Grant Thornton and Fox & Company ("the Accountants") seek discovery of documents potentially relevant to their statute of limitations defense. On July 18, 1991, the Accountants served a subpoena on the law firm of Morris, Laing, Evans, Brock & Kennedy ("Morris, Laing"), which is representing plaintiffs Comeaus in this action. This subpoena requested any documents or communications within the possession of Morris, Laing relating to the possibility that the Comeaus have a claim or claims against the Accountants. The Comeaus and their counsel filed a motion for protective order on July 29, 1991 on the grounds that the requested documents were privileged attorney-client and work-product material. Thereafter, the Accountants filed a motion to compel production of the documents.

The magistrate denied the Accountant's motion to compel on January 6, 1992, subject to an *in camera* inspection of those documents Morris, Laing asserted were privileged. (Doc. 800). The magistrate reviewed the documents submitted by Morris, Laing, and on January 13, 1992, determined that all documents save one were privileged work-product material. The magistrate also determined that the Accountants had failed to establish a substantial need for the privileged information, the substantial equivalent of which could not be obtained through other means without undue hardship. Fed.R.Civ.P. 26(b)(3); *see Smith v. MCI Telecommunications Corp.,* 124 F.R.D. 665, 687 (D.Kan.1989) (burden on party seeking privileged information to establish substantial need and undue burden). The magistrate specifically suggested the possibility of propounding interrogatories to plaintiffs and their attorneys. The magistrate therefore ordered that the documents be filed under seal. (Doc. 810). The Accountants filed a motion to reconsider, which motion was denied on January 30, 1992. The Accountants filed their present

objections to the magistrate's order on February 12, 1992.

## I. *Arguments*

### A. *Procedure*

■ Initially, counsel for the Comeaus argue that the objections to the magistrate's January 6 and 13 orders are untimely, and that the court may not consider any aspects of those orders.

The court disagrees. Rule 72(a) of the Federal Rules of Civil Procedure requires that objections to a magistrate's order be filed "[w]ithin 10 days after being served with a copy of the magistrate's order, . . . ." Moreover, this District's local rules allow for the filing of "a motion asking a judge *or magistrate judge* to reconsider an order or decision made by that judge *or magistrate judge*" if filed within 10 days after the entry of such order or decision. D.Kan.Rule 206(f) (emphases added).

Counsel erroneously assumes that the Accountants were required to file objections to the orders of January 6 and 13. On January 6, the magistrate denied the original motion to compel, subject to modification after an *in camera* review of the documents for which a privilege was claimed. On January 13, after completing his review, the magistrate entered a final disposition of the original motion to compel. Rather than immediately filing objections, the Accountants filed a timely motion to reconsider that order, as allowed under Local Rule 206(f). Morris, Laing, however, would require objections to be filed within 10 days of *every* order of the magistrate, regardless of the finality of that decision or of the existence of a pending motion to reconsider before the magistrate. The court can conceive of no reason for imposing this gloss of inefficiency upon the appellate process of Rule 72(a). A fair reading of the federal and local rules should allow the magistrate judge to fully consider, and if requested, reconsider his decisions before a party invokes district court review under Rule 72(a). *Cf.* D.Kan.Rule 604(d) (application for stay of magistrate's order to be made first to magistrate).

The court concludes that the Accountants have filed timely objections to the magistrate's January 30 order, and that a review of the January 30 order necessarily includes a review of the two previous orders concerning the motion to compel.

### B. *Merits*

The Accountants seek to obtain discovery of any information possessed by Morris, Laing relating to the possibility that the Comeaus might have claims against the Accountants for their 1984 and 1985 audits of the Rooks County Savings Association ("RCSA"). On June 16, 1986 the Comeaus filed suit against members of the Rupp family, alleging that the Rupps had withheld and misrepresented material information concerning a sale of the Rupps' RCSA stock to the Comeaus. The complaint also alleged that the Rupps had breached an express representation that the financial statements of the RCSA would be true and would be prepared in accordance with generally accepted accounting principles. In September 1987 the Comeaus and plaintiff RCSA amended their complaint to allege claims against Grant Thornton, and in December 1988 these same plaintiffs filed suit against Fox. Plaintiffs allege violations of § 10(b) of the 1934 Securities Exchange Act, and various state common law causes of action.

 The applicable statute of limitation to the federal claim is one year from the date of discovery, but not greater than three years from the date of the violation. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). The state law malpractice claims against the Accountants are governed by the Kansas two-year statute of limitation, K.S.A. § 60–513, which also encompasses the discovery rule. *Brueck v. Krings,* 230 Kan. 466, 470–71, 638 P.2d 904, 907–08 (1982).

 The Accountants seek any documents indicating what plaintiffs and their attorneys knew regarding potential claims against the Accountants, and when they knew it. Further, the Accountants contend that the Comeaus and Morris, Laing—

through its factual investigations—have waived any claim to the attorney client privilege as well as the work-product privilege of Fed.R.Civ.P. 26(b)(3). In support of their claim of waiver, the Accountants rely on *American Standard Inc. v. Bendix Corp.,* 80 F.R.D. 706 (W.D.Mo.1978) and *Byers v. Burleson,* 100 F.R.D. 436 (D.D.C. 1983).

In *American Standard,* the plaintiff alleged a claim of misrepresentation in the "design status and productability" of a product. When a dispute arose as to when plaintiff's attorney had discovered the fraud claim, the court initially ordered that defendant take the deposition of plaintiff's attorney on written questions. 80 F.R.D. at 708. When responses from plaintiff's attorney were not forthcoming, the court found that neither the work-product doctrine nor the attorney-client privilege protected the attorney's mental impressions or confidential communications with the client. *Id.* at 709–10.

A similar issue was considered by the court in *Byers v. Burleson.* Defendant sought to depose plaintiff's attorney for the purpose of ascertaining when he discovered the existence of a legal malpractice claim. Plaintiff's attorney refused to attend the deposition or produce any documents called for in the deposition subpoena. The court rejected the attorney's blanket, non-specific objection to discovery of any documentary or testimonial matter. Further, the court ruled that the attorney's mental impressions—normally protected by the work-product doctrine—were particularly relevant, insofar as this information was the very information that would determine when plaintiff's attorney discovered the existence of a malpractice claim. 100 F.R.D. at 439.

The court initially notes that plaintiffs' claim of privilege appears to implicate only the work-product doctrine of Fed.R.Civ.P. 26(b)(3), rather than the attorney-client privilege of K.S.A. § 60–426(a). As the Accountants note in their reply, (Doc. 854, at 12), plaintiffs contend that their attorneys, Morris, Laing, discovered the claims against the Accountants. (Plaintiffs' Re-

sponse; Doc. 842, at 9). No confidential communication implicating the attorney-client is at issue, and the court therefore only considers the claim of work-product privilege.

In this case, the magistrate correctly noted that the Accountants "have not attempted to obtain the information relevant to the statute of limitations by other means, such as interrogatories." The magistrate further correctly noted that Rule 26(b)(3) only protects against the production of documents and tangible things, and that the underlying facts contained in those documents are freely discoverable through interrogatories. *See* 4 *Moore's Federal Practice* ¶ 20.64[1], at 26–348 (2d ed. 1989); *Eoppolo v. National R.R. Passenger Corp.*, 108 F.R.D. 292, 294 (E.D.Pa.1985).

The court finds no clear error in the magistrate's conclusions. To the magistrate's suggestion that the Accountants seek discovery of the information through other available means, the Accountants respond that such attempts would be "pointless." The court, however, has no reason to believe that plaintiffs and their attorneys will not truthfully answer pointed questions that seek information to which, as the magistrate noted, the Accountants are indisputably entitled. *See* D.Kan.Rule 210(j) (duty to confer before filing motion to compel). Unlike in *American Standard,* plaintiffs' attorneys have not refused to answer interrogatories; the Accountants have not propounded such interrogatories. And unlike in *Byers,* the Accountants have not sought to depose plaintiffs' attorney for the purpose of discovering facts that are freely discoverable for the asking. That the Accountants may wish to obtain these facts by gaining access to the more convenient source of attorney work-product is understandable. But this desire does not supersede the orderly functioning of the discovery process.

The Accountants also find it "problematic" that plaintiffs produced for *in camera* inspection only documents generated *after* the Accountants produced their work papers, the earliest of which is dated April 1987. According to the Accountants, it is "highly probable" that Morris, Laing has in its possession other unproduced documents predating those already submitted to the magistrate that are responsive to the Accountants' document subpoena. (Motion to Reconsider; Doc. 833, at ¶ 11).

Unlike the Accountants, the court does not assume that plaintiffs' attorneys are wont to disregard a court order to submit *all* responsive documents for an *in camera* inspection. If further responsive documents are discovered in the future, for which plaintiffs assert a privilege, the court has no doubt that these officers of the court will abide by their continuing duty to supplement their response with additional documents for *in camera* inspection. *See* Fed.R.Civ.P. 26(e).

Accordingly, the objections of defendants Grant Thornton and Fox & Company (Doc. 839) to magistrate's order are hereby overruled.

IT IS SO ORDERED.