**KOPPERS COMPANY, INC., Plaintiff,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, the American Home Assurance Company, Commercial Union Insurance Company, the Home Insurance Company, and Underwriters at Lloyd's of London, Defendants.**

Civ. A. No. 85–2136.

United States District Court, W.D. Pennsylvania.

March 17, 1994.

See also, 840 F.Supp. 390.

Charles H. Moellenberg, Jr., Michael H. Ginsberg, J.W. Montgomery, III, Jones, Day, Reavis & Pogue, Pittsburgh, PA, and Robert S. Walker, Jones, Day, Reavis & Pogue, Cleveland, OH, for plaintiff, Koppers Co., Inc.

Samuel W. Braver, Buchanan Ingersoll, Pittsburgh, PA, and Scott P. Moser, and Ruth Kurien, Day, Berry & Howard, Hartford, CT, for defendant, Aetna Cas. and Sur. Co.

William Herbert Howard, Cozen & O'Connor, Philadelphia, PA, and Richard W. Bryan, Jackson & Campbell, Washington, DC, for the American Home Assur. Co.

Charles B. Gibbons, Klett, Lieber, Rooney & Schorling, Pittsburgh, PA, James W. Christie, Philadelphia, PA, and Carole D. Bos, and Kevin J. O'Dowd, Buchanan & Bos, Grand Rapids, MI, for Commercial Union Ins. Co.

James R. Hartline, and William M. Bernhart, Thomson, Rhodes & Cowie, Pittsburgh, PA, for the Home Ins. Co.

Daniel J. Weis, David L. Beck, Weis & Weis, Pittsburgh, PA, and Tracy C. Beggs, Regina K. McCabe, Peterson & Ross, Chicago, IL, for Underwriters at Lloyd's of London.

### MEMORANDUM OPINION

COHILL, District Judge.

Before this Court are (1) Plaintiff Koppers Company, Inc.'s ("Koppers") "Objections to Certain Portions of Magistrate Judge Mitchell's 10/26/93 Opinion on Privilege and Work Product Issues" (Objections) (Doc. 292);

(2) Koppers' "Motion for Leave to File *Instanter* its Reply Supporting its Objection" (Motion for Leave) (Doc. 335)[1]; and

(3) Defendants' "Motion for Clarification of February 11, 1994 Stay" (Motion for Clarification) (Doc. 370).

In its Objections, Koppers objects to the magistrate judge's opinion with respect to two issues: (1) the "at-issue" exception to the attorney-client privilege, and (2) the "self-evaluation" or "critical self-analysis" privilege.

In its Motion for Leave, Koppers asks us to delay a ruling on its objections to the

magistrate judge's opinion until the parties identify the documents to which the magistrate judge's opinion applies.

In their Motion for Clarification, the defendants ask us to clarify our order dated February 11, 1994. That order stayed the magistrate judge's order dated February 2, 1994 in its entirety, and the defendants want us to confine the stay to documents that are pertinent only to the at-issue and self-analysis disputes.

For the reasons below, after *de novo* review of the magistrate judge's opinion dated October 26, 1993 (the "10/26/93 Opinion") (Doc. 287), we find that opinion was not clearly erroneous, and therefore we will affirm it. We will also grant Koppers' Motion for Leave to File *Instanter* and deny as moot defendants' Motion for Clarification.

### I. *Standard of Review*

■ Pursuant to 28 U.S.C. § 636(b)(1)(A) and W.D.PA.LR. 72.1.3 B, we may set aside any portion of a magistrate judge's order found to be clearly erroneous or contrary to law. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992).

### II. *The at-issue exception to attorney-client privilege*

Much of the communication between an attorney and an attorney's client is privileged and thus undiscoverable by an adversary. Though privileges "are not lightly created nor expansively construed," *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974), an exception to this general rule might apply where the party opposing discovery has introduced the substance of the ordinarily-privileged communication into the litigation.[2] Such a party is said to have put the communication "at-issue" and thereby waived the attorney-client privilege. Many courts applying the at-issue exception use a variation of the three-factor test set forth in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D.Wash.1975):

---

1. Koppers' proposed reply was attached to the motion so we have had the opportunity to review it on the merits.

2. Pursuant to the stipulation of the parties, we do not at this time address the crime, fraud, and tort exceptions to attorney-client privilege and the work product doctrine.

(1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Thus, where these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct.

*Id.* at 581. Review of Koppers' Third Amended Complaint shows that the first two elements of this test are easily satisfied. Koppers asserts that

> [t]he CERCLA claims and claims based on similar federal and state laws which have been asserted against Koppers are based upon "occurrences" or "accidents" within the meaning of the Policies which was *[sic] neither expected nor intended by Koppers* and are otherwise covered by the Policies. In addition, Koppers believes that the occurrences or accidents were "sudden and accidental" within the meaning of those Policies which incorporate that term.

Third Amended Complaint ¶ 15 (emphasis added). Thus Koppers alleges that the defendant insurance companies must reimburse or indemnify it for its environmental liability because, *inter alia*, Koppers did not expect or intend the environmental damage at the various disposal sites. Koppers' "affirmative act" was filing the complaint, and it unarguably "put the protected information [regarding any knowledge of contamination] at issue" by denying an expectation or intention of contaminating.

■ Satisfaction of the third *Hearn* factor turns on whether the sought-after information is "vital" to the seeking party's defense. While the first two factors of the *Hearn* test are appropriate threshold inquiries, we reject the third *Hearn* factor for vagueness and overbreadth and instead will apply the test set forth herein. Reasonable minds may, and often will, differ over what is "vital" information. In the heat of zealous advocacy, the advocate seeking discovery might urge that every minutia of information is vital, while the advocate opposing discovery might assert that none is.

The *Hearn* test, moreover, ignores the rationale of the attorney-client privilege: to encourage those in need of legal counsel to seek it in an atmosphere of candor and confidence. 4 James W. Moore, *Moore's Federal Practice* ¶ 26.60[2]. The *Hearn* test does recognize that privilege *waiver* is grounded in fairness to the party seeking discovery. *See, e.g., Byers v. Burleson,* 100 F.R.D. 436, 440 (D.D.C.1983), quoting 4 James W. Moore, *supra* ¶ 26.60[6]. Thus an appropriate waiver rule should balance the danger of discouraging the solicitation of counsel with the unfairness of prohibiting an adversary from obtaining potentially valuable discovery.

This balance will be approximated, we hope, by the following test that we now prescribe:

> Where the ordinarily-privileged document reflects attorney-client communication that would likely be chilled or suppressed by permitting discovery, then the at-issue exception will not apply; conversely, where the communication is such that it would occur regardless of its potential discoverability, then the at-issue exception will apply so long as the seeking party has a substantial need of the materials and would suffer undue hardship in obtaining the materials from other sources. *Cf.* Fed.R.Civ.P. 26(b)(3).

■ Under this test, the unfairness aspect dovetails with the showing necessary to obtain attorney work product, as it should, because these privilege exceptions are analytically similar. The result will be this: attorney-client communications that are not attorney work product may be discoverable under the at-issue exception; attorney-client communications that are work product may be discoverable under Fed.R.Civ.P. 26(b)(3). A seeking party must show substantial need and undue hardship under either exception.

■ Thus the at-issue exception to privilege applies where (1) assertion of the privilege was a result of some affirmative act by the asserting party; (2) the ordinarily-privileged information is relevant to the case; and (3) the likelihood of chilling the type of ordinarily-privileged communication is out-

weighed by the unfairness to the seeking party if privilege is found. Unfairness is judged by the seeking party's substantial need of the materials and undue hardship in obtaining them elsewhere.

■ In the present litigation, the third element of the test is satisfied in light of the context of the communications and the unfairness of prohibiting discovery. Aetna seeks communications between Koppers and its counsel relating to Koppers' expectation that its activities might cause environmental contamination. But the environmental affairs of a corporation are highly regulated by federal and local governments, and therefore the at-issue exception to attorney-client privilege is not likely to chill communication between a potential polluter and the polluter's legal counsel. In other words, Koppers would be communicating to counsel with respect to its potential environmental liabilities whether or not those communications were subject to discovery.

Prohibiting discovery in this case would be unfair, for the defendants would have little recourse, now more than eight years after this suit was filed, to obtain relevant discovery to counter Koppers' affirmative defense that it neither expected nor intended the contamination. It is undisputed that substantial employee turnover has occurred at both Koppers and at the disposal sites since the onset of the alleged contamination. And the defendants surely have substantial need of the disputed discovery, for it may be the only source of information refuting Koppers' affirmative defense that it did not expect contamination. *Cf. Rhone–Poulenc Rorer, Inc. v. The Home Indemnity Co.,* 1993 WL 106429, at *3 (E.D.Pa. March 30, 1993), *aff'd* 1993 WL 304047 (August 6, 1993) (commenting that "[i]t is difficult to conceive of materials more relevant" than attorney-client communication where plaintiff asserted no expectation or intention of injuries from contaminated blood).

■ Koppers relied extensively on four cases interpreting the at-issue exception: *Pittston Co. v. Allianz Ins. Co.,* 143 F.R.D. 66 (D.N.J.1992), *NL Indus., Inc. v. Commercial Union Ins. Co.,* 144 F.R.D. 225 (D.N.J. 1992), *Remington Arms Co. v. Liberty Mutual Ins. Co.,* 142 F.R.D. 408 (D.Del.1992), and *Jules Jurgensen/Rhapsody, Inc. v. Rolex Watch U.S.A., Inc.,* 1989 WL 6210, 1989 U.S. Dist. LEXIS 521 (E.D.Pa.1989). To the extent these courts held the at-issue exception to apply *only* where the party resisting discovery uses the confidential communications to buttress its own case, we depart from those cases, for such a rule rings hollow: Few advocates would voluntarily use documents that damage their case.

We emphasize that the nature of the at-issue exception regrettably prevents easy mechanical application of it. Instead, the third at-issue factor requires a balancing between the likelihood of chilling the type of communication sought and the unfairness in finding the communication privileged. While the attorney-client privilege and work product doctrine are historically critical to the functioning of the legal process, they are neither absolutes nor hastily set aside.

III. *The self-evaluation or critical self-analysis privilege*

■ We agree with the magistrate judge that the self-evaluation or critical self-analysis privilege does not apply in this case. This rarely-recognized privilege is premised on a policy rationale that encourages individuals and corporations to act responsibly and deliberately. *See, e.g., Abel v. Merrill Lynch & Co.,* 1993 WL 33348 (S.D.N.Y. Feb. 4, 1993); *Myers v. Uniroyal Chemical Co.,* 1992 WL 97822 (E.D.Pa. May 5, 1992).

Based on our analysis of the at-issue exception set forth above, the self-evaluation privilege does not apply *a fortiori* to environmental reports, records, and memoranda. Indeed, we disagree that a corporation would face a Hobson's choice between due diligence and self-incrimination in the tightly-regulated environmental context, for that context requires strict attention to environmental affairs. We doubt that today potential polluters will violate regulations requiring environmental diligence for fear of these documents being used against them tomorrow.

We also find informative the reasoning of the court in *CPC Int'l, Inc. v. Hartford Accident and Indemnity Co.,* 262 N.J.Super. 191,

620 A.2d 462 (1992). In rejecting the self-evaluation privilege, the court in *CPC* reasoned that the "public need for disclosure of documents relating to environmental pollution and the circumstances of such pollution outweighs the public's need for confidentiality in such documents." *Id.* at 467.

### IV. *Motion for Leave to File Instanter*

 Koppers urges that the parties must first determine which documents contain at-issue and self-evaluative information before we rule on whether these doctrines apply. But the subject of the documents sought is reasonably well-defined in this litigation: what did Koppers know and when did it know it with respect to environmental contamination at the various sites subject to this litigation. We therefore see no reason why the proverbial cart should be put before the horse, as Koppers suggests. While we will grant the motion for leave, we find it substantively meritless.

### V. *Defendants' Motion for Clarification*

The defendants' motion for clarification of our Order dated February 11, 1994 asks us to modify that order to stay the 10/26/93 Opinion only with respect to documents pertinent to the at-issue and self-evaluation disputes. Because we will vacate that stay in its entirety, the motion for clarification will be denied as moot.

### ORDER

AND NOW, to-wit, this 17th day of March 1994, for the foregoing reasons it is hereby ORDERED, ADJUDGED, and DECREED that the 10/26/93 Opinion (Doc. 287) of the magistrate judge be and hereby is AFFIRMED.

IT IS FURTHER ORDERED that Koppers' Motion for Leave to File *Instanter* its Reply Supporting its Objection (Doc. 335) is GRANTED, and we find the reply meritless.

IT IS FURTHER ORDERED that the order issued by this Court on February 11, 1994 (Doc. 369) granting Koppers' motion for a stay of the 10/26/93 Opinion be and hereby is VACATED, and the 10/26/93 Opinion, as herein modified, shall be in effect as of the date of this Order; Defendants' Motion for Clarification (Doc. 370) is DENIED as moot.